I must respectfully dissent from the rationale behind the decision reached by the majority in applying the Parsons presumption in a claim accepted pursuant to a Form 60.
The sole purpose of the Form 60 as originally adopted was to allow defendants the opportunity to admit only compensability of an injury and to pay compensation as quickly as possible to the injured employee without the entanglements which a Form 21, a signed agreement, had come to carry. The acceptance on the Form 60 of liability as the employer and the compensability as to the injury or occupational disease were obviously limited. Even the remainder of the data to be provided was "for informational purposes only and do NOT constitute an agreement" and thus was not binding. The form is submitted by the defendant and does not require the agreement or the signature of plaintiff nor the approval of the Industrial Commission. Most importantly, the burden of proof was to remain on plaintiff to prove ongoing disability including the causal connection between the current condition and the original compensable injury. To interpret it otherwise is to negate the purpose of the Form 60 which was agreed upon by both plaintiff and defendant representatives.
A similar result could have been reached by the majority by simply weighing the medical evidence without resorting to the application of the Parsons presumption. Therefore I respectfully dissent from the majority opinion.
 S/_______________ DIANNE C. SELLERS COMMISSIONER